JUDGE HARDIN
delivered the opinion of the court:
The appellee, as the administratrix of J. T. Pendleton, deceased, sued the appellant on a promissory note for $100, made payable to David Watkins, and assigned by him to the plaintiff’s intestate.
The appellant in his answer admits the execution of the note, but alleges, by way of set-off, a liability of said J. T. Pendleton’s estate to him of the sum of $300, with interest from the 20th March, 1862, evidenced by a note exhibited, appearing to have been given to appellant by Evan R. Pendleton, on the 20th of September, 1861, payable six months thereafter. Said Evan R. Pendleton having, as the answer alleges, died intestate, owning personal estate sufficient to pay said debt, which, without appointment or qualification as administrator, said J. T. Pendleton took into his possession and appropriated’to his own use, as executor of his own wrong, as is in effect alleged, *165 whereby said J. T. Pendleton in his lifetime became liable and indebted to appellant in the amount of said debt.
To the answer the appellee filed a demurrer, which the court sustained.
An amended answer was offered to be filed by defendant, and rejected by the court; and the defendant failing to answer further, the court rendered judgment against him; and from that judgment he has appealed to this court.
We perceive no sufficient reason for rejecting the amended answer, especially as the demurrer to the original answer had been sustained.
But we regard the answer as sufficient, as it seems to present, by way of set-off, a valid and enforceable cause of action, if true, for an amount more than sufficient to set off the debt of appellant.
Had J. T. Pendleton been the lawful administrator or executor of Evan R. Pendleton, there can be no doubt that the appellant could not have used his claim against his estate to set off the debt of J. T. Pendleton against him, because the two debts would not have been mutual and subsisting demands between the same individual parties, but a debt of one individually, and a claim against the other as administrator.
But in this case, if it be true, as alleged in the answer, that J. T. Pendleton, by a wrongful use and appropriation of Evan R. Pendleton’s estate, created a cause of action against him in behalf of the appellant as a creditor, such cause of action became a demand against J. T. Pendleton personally, which the appellant could plead as a set-off in extinguishment of J. T. Pendleton’s demand against him.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.